IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, a ) | |
| Delaware corporation, ADVANCED ) | |
| WORKZONE SERVICES, LLC, a Limited ) | |
| Liability Company, and THOMAS FITZGERALD, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to 28 USC § 1332(a)(1) and 28 USC § 2201, Plaintiff, UNITED FIRE & CASUALTY COMPANY ("UNITED FIRE"), brings this **COMPLAINT** and cause of action for Declaratory Judgment against UNION PACIFIC RAILROAD COMPANY ("UNION PACIFIC"), ADVANCED WORKZONE SERVICES, LLC ("ADVANCED"), and THOMAS FITZGERALD ("FITZGERALD"), alleging:

## **JURISDICTION**

1. UNITED FIRE is a stock insurance company which is incorporated and has its principal place of business in Cedar Rapids, Iowa.

2. UNION PACIFIC is a Delaware corporation with its principal place of business in Omaha, Nebraska.

3. ADVANCED is an Oklahoma limited liability company with its principal place of business in Muskogee, Oklahoma. All members of ADVANCED are citizens of the State of Oklahoma.

4. FITZGERALD is a citizen and resident of the State of Illinois.

5.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## VENUE

6.  The events giving rise to the underlying claims regarding which coverage is sought under the UNITED FIRE policy took place within the Northern District of Illinois, Eastern Division, at the Metra Elizabeth Street Crossing in Lombard, DuPage County, Illinois.

## GENERAL ALLEGATIONS

7.  This is a cause of action for declaratory judgment regarding the rights and obligations of the parties under UNITED FIRE Commercial General Liability Policy No. 85317618 issued to ADVANCED as the named insured for the policy period of 9/1/2016 – 9/1/2017 (the "Policy"). The occurrence which is the subject of the Underlying Case took place on September 14, 2016. A copy of the "Policy", including all pertinent endorsements, is attached to this **COMPLAINT FOR DECLARATORY JUDGMENT** as Exhibit A.

8.  An actual case and controversy exists between UNITED FIRE, UNION PACIFIC and ADVANCED regarding UNITED FIRE's obligations to defend and indemnify UNION PACIFIC, as an "additional insured" under the Policy, against the claims of FITZGERALD which are made in the following captioned action against UNION PACIFIC under the Federal Employers Liability Act, 45 USC § 51 *et seq.*, which is pending in the United States District Court for the Northern District of Illinois, Eastern Division:

```
THOMAS FITZGERALD,                              )
                       Plaintiff,               )
       v.                                       ) No. 18 CV 1741
                                                )
UNION PACIFIC RAILROAD COMPANY,                 )
                       Defendant.               )
-----------------------------------------------  )
UNION PACIFIC RAILROAD COMPANY,                 )
          Defendant/Third-Party Plaintiff,      )
       v.                                       )
```

| | |
|---|---|
| ADVANCED WORKZONE SERVICES | ) |
| TRAFFIC CONTROL & PROTECTION, INC. | ) |
|             Third-Party Defendant. | ) |
| (Referred to herein as the "Underlying Case"). | |

9. A copy of the **COMPLAINT AT LAW** in the "Underlying Case" is attached as Exhibit B.

10. ADVANCED is joined as a defendant in that it is potentially liable to UNION PACIFIC in the event that there is no coverage under the UNITED FIRE Policy.

11. FITZGERALD is joined as a defendant in that he may have an interest in whether or not there is liability coverage for UNION PACIFIC under the UNITED FIRE policy.

12. At all relevant times ADVANCED was engaged in the business of providing traffic control services to railroads in conjunction with construction operations involving railroad crossings.

13. Attached to this **COMPLAINT FOR DECLARATORY JUDGMENT** and made a part hereof as Exhibit C is a true and correct copy of **UNION PACIFIC'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION** in the Underlying Case. **COUNT I** of that pleading is entitled:

**COUNT I**
**CONTRIBUTION – NEGLIGENCE**
**ADVANCED WORKZONE SERVICES**

It avers *inter alia*:

> 12. At the time of Plaintiff's alleged injury, Union Pacific and Advanced Workzone Services had a Contract for Work or Services (hereinafter, "Agreement") for Advanced Workzone to provide traffic control services to Union Pacific, including barricades in conjunction with road crossing closures and/or road crossing requiring a change to the normal traffic pattern. A copy of the Agreement is attached as Exhibit B.

13. Advanced Workzone's responsibilities under the Agreement included the delivery, setup, maintenance, and removal of the traffic control equipment.

14. Advanced Workzone agreed to be responsible and liable for any and all of its traffic control and warning devices and services provided.

15. Advanced Workzone also agreed that it is and shall remain responsible for all work of subcontractors and all work of subcontractors shall be governed by the terms of the Agreement.

16. Upon information and belief, Advanced Workzone entered into a subcontract agreement with Traffic Control & Protection for the delivery, setup, maintenance, and removal of the traffic control equipment at the Metra crossing on Elizabeth Street in Lombard, Illinois.

14. The **COMPLAINT AT LAW**, which is Exhibit B, contains the following allegations *inter alia* against UNION PACIFIC under the Federal Employer's Liability Act (45 USC § 51 *et seq.*):

> 8. On September 14, 2016, at or about 8:00 p.m., while employed by Defendant, UP, was a boom truck operator, and while in the course of his employment with Defendant, Plaintiff was required to deliver materials to the Elizabeth Street Crossing which is owned, operated and maintained by defendant, UP. While in the course of walking in darkness at the job site, Plaintiff, THOMAS FITZGERALD, tripped over an angle iron which was protruding from a gate, and caused him to fall and injure both knees.
>
> 9. At the time and place alleged, Plaintiff's duties were in furtherance of Interstate Commerce for Defendant, UP.
>
> 10. At the time and place alleged, the Defendant, UP, had a non-delegable duty to provide Plaintiff with a reasonably safe place to work; to provide the Plaintiff with proper, safe and sufficient tools to perform his work duties and tasks; to provide the Plaintiff with proper and sufficient training to do his job; and, to keep such place of work in a reasonably safe condition.
>
> 11. In violation of its' duty, Defendant, UP, negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:
>
>> (a) Failed to adapt, install, implement and enforce a safe method and procedure for the described operation;

(b) Failed to properly inspect, maintain and process its workplace equipment, tools, and methods of performing job tasks, so that the same became hazardous to the safe operation of its employees;

(c) Failed to warn Plaintiff that there was a hazardous condition in his work area, a condition Defendant had notice of, and a dangerous condition that Defendant was on notice of prior to September 14,2016, at or about 8:00 p.m.

(d) Failed to properly train the Plaintiff for the tasks that he was assigned, including delivering materials to a job site;

(e) Negligently and carelessly failed to provide the Plaintiff with a safe, efficient and proper method to perform his work duties on September 14, 2016 at or about 8:00 p.m., including the task of delivering materials to a job site that Defendant was responsible for maintaining;

(f) Negligently and carelessly failed to warn Plaintiff of the unsafe conditions when timely warning would have averted injury to Plaintiff;

(g) Failed to properly adapt, install, implement, and enforce a safe method and procedure for delivering materials to the job site that plaintiff was assigned at the time and placed of the incident complained of;

(h) Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff, THOMAS FITZGERALD, with a safe place to work and by one of the afore mentioned acts or omissions caused, in whole or in part, Plaintiffs injuries.

15. In actuality, the instrumentality over which FITZGERALD claims to have fallen was a portion of a "Sidewalk/Road Closed" sign at the southwest corner of the Metra Crossing project, which was brought to the crossing construction site by Traffic Control & Protection, Inc., a subcontractor to ADVANCED. Neither at the time of the occurrence of September 14, 2016, nor prior thereto, was ADVANCED on the construction site.

16. Attached to this **COMPLAINT FOR DECLARATORY JUDGMENT** and made a part hereof as Exhibit D is a true and correct copy of the October 1, 2010 **CONTRACT FOR WORK SERVICES** between UNION PACIFIC and ADVANCED which was in force and effect at the time of the occurrence ("the Agreement"). Under the "Agreement" the UNION PACIFIC is identified as the "Railroad" and ADVANCED is identified as the "Contractor". The relationship between the two is specified as follows in **Section 7**:

**Section 7: INDEPENDENT CONTRACTOR.**

Contractor and the agents and employees of Contractor are not and shall not be considered as employees of Railroad. Contractor shall be and remain an independent contractor and nothing herein contained shall be construed inconsistent with that status...

17. Pertinent to this **COMPLAINT FOR DECLARATORY JUDGMENT** are the following insurance provisions of the Agreement:

**Section 5: INSURANCE REQUIREMENTS.**

Contractor shall, at its sole cost and expense, procure and maintain during the life of this Agreement (except as otherwise provided in this Agreement) the following insurance coverage:

    A.    <u>Commercial General Liability</u> insurance. Commercial general liability (CGL) with a limit of not less than $5,000,000.00 each occurrence and an aggregate of not less than $10,000,000.00. CGL insurance must be written on IOS occurrence for CG 00 01 12 04 (or a substitute form providing equivalent coverage)...

    F.    All policy(ies) required above (except worker's compensation and employers liability and professional liability) must include Railroad as "Additional Insured" using ISO Additional Insured Endorsements CG 20 26, and CA 20 48 (or substitute forms providing equivalent coverage) which must be stated on the certificate of insurance. The coverage provided to Railroad as additional named insured shall, to the extent provided under ISO Additional Insured Endorsement CG 20 26, and CA 20 48 provide coverage for Railroad's negligence whether sole or partial, active or passive, and shall not be limited by Contractor's liability under the indemnity provisions of this Agreement.

18. The UNITED FIRE Policy contains the following provision for additional insured coverage on behalf of "**Owners**", such as UNION PACIFIC:

**EXTENDED ULTRA LIABILITY PLUS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART...

**<u>SECTION II – WHO IS AN INSURED</u>**...

    B.    The following provisions are added...

**5. Additional Insured - Owners, Lessees or Contractors - Automatic Status When Required in Construction or Service Agreement With You**

    **a.** Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy is an insured. Such person or organization is an additional insured only with respect to your liability for "bodily injury", "property damage" or "personal and advertising injury" which may be imputed to that person or organization directly arising out of:

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

    **1.** Only applies to the extent permitted by law; and

    **2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

19. UNITED FIRE agreed to and sold the preceding endorsement which does not provide coverage for the additional insured's own direct negligence. Endorsements for that purpose, if agreed to and sold by UNITED FIRE, would require a significantly greater premium.

20. In Count I of its **THIRD-PARTY COMPLAINT FOR CONTRIBUTION** [Exhibit C], UNION PACIFIC seeks the following relief from ADVANCED:

> 24. At all times relevant, the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., was in full force in effect.
>
> 25. If Defendant/Third-Party Plaintiff Union Pacific is found liable to Plaintiff, which Union Pacific has denied and expressly continues to deny, then Union Pacific is entitled to contribution for part or for all such liability from Third-Party Defendant Advanced Workzone, in an amount commensurate with its relative degree of fault.
>
> WHEREFORE, Defendant/Third-Party Plaintiff Union Pacific Railroad Company prays that judgment be entered in its favor and against Third-Party Defendant Advanced Workzone Services in an amount equal to the sum which would represent the relative degree to which fault of Third-Party Defendant approximately caused Plaintiff's injuries and damages plus costs of suit.

21. The defense of UNION PACIFIC in the Underlying Case has been tendered to UNITED FIRE under the Policy. UNITED FIRE has declined that tender for the reasons which are set forth in this **COMPLAINT FOR DECLARATORY JUDGMENT**.

22. Under the Federal Employer's Liability Act (45 USC § 51 *et seq.*) liability on the part of UNION PACIFIC to FITZGERALD requires negligence on the part of UNION PACIFIC.

23. Under the Federal Employer's Liability Act (45 USC § 51 *et seq.*) UNION PACIFIC is severally liable to FITZGERALD if UNION PACIFIC's own negligence caused FITZGERALD's injuries in whole or in part.

24. The underlying **COMPLAINT AT LAW** seeks recovery from UNION PACIFIC for UNION PACIFIC's own direct negligence as FITZGERALD's employer.

25. Any liability of UNION PACIFIC to FITZGERALD under the Federal Employer's Liability Act is specifically and expressly limited to bodily injuries which were in whole or in part caused by the direct negligence of UNION PACIFIC.

26. Pursuant to UNION PACIFIC's **THIRD-PARTY COMPLAINT FOR CONTRIBUTION** against ADVANCED, UNION PACIFIC's exposure is specifically limited to UNION PACIFIC's "own *pro rata* share of the common liability" pursuant to 740 ILCS 100/2(b).

WHEREFORE, the Plaintiff, UNITED FIRE & CASUALTY COMPANY, prays for the following declarations and adjudications:

    (A) The legal relationship between UNION PACIFIC and ADVANCED WORKZONE SERVICES was that of owner to independent contractor, and does not

give rise to a basis at law upon which any liability of ADVANCED WORKZONE SERVICES could be imputed to UNION PACIFIC;

(B) Any recovery by the Plaintiff, FITZGERALD, against UNION PACIFIC in the Underlying FELA Action must be the direct and proximate result of UNION PACIFIC's own negligent acts and omissions;

(C) Under the Federal Employer's Liability Act (45 USC § 51 *et seq.*) any liability of UNION PACIFIC to the Plaintiff is for UNION PACIFIC's own direct negligence;

(D) Neither the pleadings in the Underlying Case, nor the outcome allowed by the Federal Employer's Liability Act (45 USC § 51 *et seq.*), permits any liability on the part of ADVANCED WORKZONE SERVICES to be vicariously imputed to UNION PACIFIC;

(E) There is no basis upon which UNITED FIRE is legally obligated to defend UNION PACIFIC against UNION PACIFIC's liability for any damages which may be recovered in the Underlying Case;

(F) There is no basis upon which UNITED FIRE is legally obligated to indemnify UNION PACIFIC against UNION PACIFIC's liability for any damages which may be recovered under the Federal Employer's Liability Act in the Underlying Case, and

(G) Such other and additional relief as may be appropriate.

CASSIDY & MUELLER P.C.

By: /s/ David B. Mueller
DAVID B. MUELLER – ARDC #1980661
CASSIDY & MUELLER P.C.
416 Main Street, Suite 323
Peoria, Illinois 61602
Telephone: (309) 676-0591
Facsimile: (309) 676-8036
E-Mail: dmueller@cassidymueller.com

ATTORNEYS FOR PLAINTIFF,
UNITED FIRE & CASUALTY COMPANY